FILED ___ LODGED
___ RECEIVED ___ COPY

NOV - 3 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

SEALED

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br>    v.<br><br>1. Albert Chrzaszcz,<br>   (Counts 1, 2, 6 and 7)<br><br>2. Ernest Chrzaszcz,<br>   (Counts 1 and 3-5)<br><br>3. Zenon Chrzaszcz,<br>   (Counts 1 and 3-5)<br><br>4. Jayson Shawd,<br>   (Counts 1 and 3-5)<br><br>            Defendants. | CR 09 1381 PHX JAT (MHB)<br><br>**I N D I C T M E N T**<br><br>VIO: 21 U.S.C. § 846<br>(Conspiracy to Possess with the Intent to Distribute Heroin, Cocaine, and Marijuana, Controlled Substances)<br>Count 1<br><br>18 U.S.C. § 1956(h)<br>(Conspiracy to Commit Money Laundering)<br>Count 2<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i)<br>(Possession With Intent to Distribute Heroin, a Controlled Substance)<br>Count 3<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)<br>(Possession With Intent to Distribute Cocaine, a Controlled Substance)<br>Count 4<br><br>21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B)(vii)<br>(Possession with Intent to Distribute Marijuana)<br>Count 5<br><br>21 U.S.C. § 846<br>(Conspiracy to Manage a Stash |

House)
Count 6

21 U.S.C. § 856(a)(2) and (b)
(Managing a Stash House)
Count 7

18 U.S.C. § 2
Aid and Abet
 Counts 3-5 and 7

21 U.S.C. § 853
(Forfeiture Allegation)

THE GRAND JURY CHARGES:

## COUNT 1

On and between November 1, 2006, through November 3, 2009, in the District of Arizona, and elsewhere, defendants ALBERT CHRZASZCA, ERNEST CHRZASZCA, ZENON CHRZASZCZ, JAYSON SHAWD and others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate, and agree together, and with other persons, known and unknown to the Grand Jury, to: (1) possess with the intent to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(I); (2) possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers and salts of its isomers, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii); and (3), possess with the intent to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iiv).

In violation of Title 21, United States Code, Section 846.

## COUNT 2

On and between November 1, 2006, through November 3, 2009, in the District of Arizona

2

and elsewhere, defendant ALBERT CHRZASZCA, did knowingly combine, conspire, confederate and agree together, and with others known and unknown to the grand jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, that is, conspiracy and distribution and possession with intent to distribute controlled substances in violation of Title 21, United States Code, Sections 846 and 841(a)(1), with the intent to promote the carrying on of said specified unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and while knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(I) and 1956(a)(1)(B)(I).

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT 3

On or about July 19, 2009, in the District of Arizona, defendants ERNEST CHRZASZCA, ZENON CHRZASZCZ, JAYSON SHAWD, and others known and unknown to the grand jury, each aiding and abetting the other, did knowingly and intentionally possess with the intent to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21 United States Code, Section 841(a)(1), 841(b)(1)(A)(i), and Title 18 United States Code, Section 2.

### COUNT 4

On or about July 19, 2009, in the District of Arizona, defendants ERNEST CHRZASZCA, ZENON CHRZASZCZ, JAYSON SHAWD, and others known and unknown to the grand jury, each aiding and abetting the other, did knowingly and intentionally possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, or salts of its isomers, a Schedule II controlled

1  substance.

2  In violation of Title 21 United States Code, Section 841(a)(1), 841(b)(1)(A)(ii), and Title
3  18 United States Code, Section 2.

### COUNT 5

On or about July 19, 2009, in the District of Arizona, defendants ERNEST CHRZASZCA, ZENON CHRZASZCZ, JAYSON SHAWD, and others known and unknown to the grand jury, each aiding and abetting the other, did knowingly and intentionally possess with the intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21 United States Code, Section 841(a)(1), 841(b)(1)(B)(vii), and Title 18 United States Code, Section 2.

### COUNT 6

On and between November 1, 2006, through November 3, 2009, in the District of Arizona and elsewhere, defendant ALBERT CHRZASZCA, did knowingly combine, conspire, confederate and agree together, and with others known and unknown to the grand jury, while managing and controlling a residence at 35419 North 9th Street, Phoenix, Arizona, 2437 West Red Range Drive, Phoenix, Arizona, 2318 East Carline Drive, Phoenix, Arizona, and 14465 Coachmen Road, Homer Glen, Illinois, and a building at 1660 North Rosemont, Building #2, Suite 113, Mesa, Arizona, as an owner, lessee, agent, employee, occupant, and mortgagee, knowingly and intentionally rented, leased, profited from and made available for the use, with and without compensation, the residence for the purpose of unlawfully manufacturing, storing, and distributing controlled substances to wit: heroin, cocaine, and marijuana, in violation of Title 21 United States Code, Sections 841(a)(1) and 856(a)(2) and (b).

All in violation of Title 21, United States Code, Section 846.

### COUNT 7

From on or about November 1, 2006, through on or about November 3, 2009, in the District

of Arizona and elsewhere, defendant ALBERT CHRZASZCZ, and others known and unknown to the grand jury, each aiding and abetting the other, while managing and controlling a building at 1660 North Rosemont, Building #2, Suite 113, Mesa, Arizona, as an owner, lessee, agent, employee, occupant, and mortgagee, knowingly and intentionally rented, leased, profited from and made available for the use, with and without compensation, the building for the purpose of unlawfully manufacturing, storing, and distributing controlled substances to wit: heroin, cocaine, and marijuana.

In violation of Title 21 United States Code, Section 856(a)(2) and (b) and Title 18 United States Code, Section 2.

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 through 7 of this indictment are hereby realledged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21 United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 846, the defendants, ALBERT CHRZASZCA, ERNEST CHRZASZCA, ZENON CHRZASZCZ, and JAYSON SHAWD, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

A money judgement in the amount of $6,000,000.00

If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with , a third party:

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without

difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

/s/
FOREPERSON OF THE GRAND JURY
Date: November 3, 2009

DENNIS K. BURKE
United States Attorney
District of Arizona


/s/
BRIAN G. LARSON
Assistant U.S. Attorney

6